U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 20 2016

TONY R. MOORE  CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH ANTHONY DANIEL, Petitioner | CIVIL ACTION NO. 1:16-CV-335; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA LYNCH, ET AL., Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a pro se petition for writ of habeas corpus (28 U.S.C. § 2241) filed by Joseph Anthony Daniel (A# 035-186-189). The petition was filed in the United States District Court for the Western District of Texas on March 9, 2016. (Doc. 1). Because Petitioner was detained in Jena, Louisiana, the case was transferred to this District Court. (Doc. 3). Petitioner was granted leave to proceed *in forma pauperis* on April 11, 2016. (Doc. 11).

Petitioner is an inmate in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Petitioner is presently incarcerated at Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner challenges the constitutionality of his continued detention pending his removal from the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual and Procedural History

Petitioner is a native and citizen of Grenada. Petitioner contends that he has been detained by ICE pending removal since his removal order became final on June 26, 2012.

Petitioner previously challenged his detention in this District Court through a petition for writ of habeas corpus filed on December 8, 2014. (No. 1:15-CV-67). That petition, which essentially raised the same allegations set forth in the instant petition, was denied and dismissed. In that case, Respondents submitted an affidavit of the Assistant Field Office Director of the United States ICE facility in Oakdale, Louisiana. The officer affirmed that Petitioner was admitted to the United States in 1978 as a lawful permanent resident. (No. 1:15-CV-67; Doc. 28). He was convicted of carrying a concealed weapon in 1993, resisting arrest in 1995, and possession of cocaine in 2003, 2007, and 2009. Petitioner was arrested on three additional occasions for carrying a concealed weapon. (No. 1:15-CV-67; Doc. 23, Ex. 1).

According to the Assistant Field Office Director, in December 2013, the Embassy of Grenada verified Petitioner's citizenship and stated that it would issue a travel document. (No. 1:15-CV-67; Doc. 23, Ex. 1) On November 20, 2014, the Grenadine government issued a travel document for Petitioner that was valid for one month. Although Petitioner was scheduled for removal on December 3, 2014, the flight was cancelled due to country clearance issues. (No. 1:15-CV-67; Doc. 23, Ex. 1). Grenadine officials issued a second travel document on January 12, 2015, which expired after Petitioner refused to board his flight on January 30, 2015. (1:15-CV-67);

2

Doc. 23, Ex. 1). In February 2015, Petitioner was served with a notice of failure to comply. A third travel document from Grenada was issued in March 2015, but Petitioner again refused to board his removal flight. The third travel document expired on March 13, 2015. (No. 1:15-CV-67; Doc. 23, Ex. 1).

Based on the Assistant Field Office Director's affidavit, this Court concluded that, after January 2015, Petitioner's continued detention was due to Petitioner's own obstructive actions in twice refusing to board the aircraft for removal. Thus, Petitioner's obstructive efforts alone served to extend his removal period. Furthermore, according to Petitioner, Grenadine officials suspended the issuance of further travel documents for Petitioner after Petitioner informed them that he had filed a habeas petition. (1:15-CV-67; Doc. 28, p. 6). The current habeas petition would likely have the same result.

## Law and Analysis

Petitioner contends that his detention violates the Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001). (Doc. 1). In Zadvydas, the Supreme Court held that the United States Constitution does not permit indefinite detention beyond a presumptively reasonable period of 6 months. After the expiration of 6 months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. However, the law also provides that a period of detention may be extended

3

when an alien conspires or acts to prevent his own removal. See 8 U.S.C. § 1231(a)(1)(C).

Even an alien who acts in good faith may not be entitled to automatic release after the expiration of the time period announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In this case, Petitioner cannot show that he has cooperated in good faith. He prevented his removal on two occasions by refusing to board the designated aircraft. Therefore, his period of detention may be extended under § 1231. Moreover, Petitioner cannot establish that there is no significant likelihood of his removal in the reasonably foreseeable future. Travel documents for Petitioner were issued on three prior occasions. Although Grenada suspended issuance of additional travel documents because of Petitioner's habeas case, there is no evidence to indicate that new travel documents will not be forthcoming.

As long as Petitioner continues to obstruct his removal, the period of detention will be extended, and Petitioner will be unable to demonstrate that there is no significant likelihood of his removal.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED and DISMISSED.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 20 day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge